The principal question here is whether the sale of the land for taxes divested the title of James Register. If it did not, the plaintiff is entitled to recover the land in the present action. When James Register became the highest bidder for the whole land, and bid therefore the amount of all the taxes that were due upon it, such bid became the bid of the Governor, by the act of 1798, ch. 492, Rev. Code. That act declares, sec. 4: "That if no person shall bid a smaller quantity than the whole, then the whole of the land so set up shall be considered as a bid for the Governor, and the sheriff shall strike off the same to him accordingly and execute a good and sufficient deed of conveyance to him and his successors in office, in manner hereinafter directed, for the use of the State." Further requisites are pointed out for a completion of title to the State, such as registration, etc. From this law it would seem that the Legislature considered the title of the State complete when the requisites pointed out by the act should be complied with by the proper officer. That has not been done, and I am not prepared to say that the legal estate has been divested out of James Register; of course he remained in of his (19) old estate; for I view the conveyance of the sheriff to him as a nullity.
For these reasons, I think judgment should be entered for the plaintiff.